```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   ISAAC CHACKO,
                                                            MEMORANDUM & ORDER
                                                            08-CV-2363 (NGG) (JO)
                                Plaintiff,

                -against-

   WORLDWIDE FLIGHT SERVICES, INC.,

                                Defendant.
------------------------------------------------------------X
```
NICHOLAS G. GARAUFIS, United States District Judge.

Isaac Chacko ("Plaintiff") brings suit under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), and the Fair Labor Standards Act ("FLSA"), asserting claims of employment discrimination and violation of labor rights by Worldwide Flight Services, Inc. ("Defendant").[1] (See Amended Compl. (Docket Entry #8).)

Defendant moves to dismiss fifteen of Plaintiff's sixteen claims – every claim except for his FLSA overtime claim – pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Entry # 12.) Defendant argues that Plaintiff's Title VII and ADEA claims are untimely. Defendant

---

[1] Count One alleges unlawful suspension on the basis of race and national origin under Title VII. Counts Two and Three allege unlawful suspension on the basis of race, national origin, and age under the NYSHRL and the NYCHRL, respectively. Count Four alleges unlawful suspension on the basis of age under the ADEA. Count Five alleges failure to promote on the basis of race and national origin under Title VII. Counts Six and Seven allege failure to promote on the basis of race, national origin, and age under the NYSHRL and the NYCHRL respectively. Count Eight alleges failure to promote on the basis of age under the ADEA. Count Nine alleges "discrimination in terms and conditions of employment" on the basis of race and national origin under Title VII. Counts Ten and Eleven allege "discrimination in terms and conditions of employment" on the basis of race, national origin, and age under the NYSHRL and NYCHRL respectively. Count Twelve alleges "discrimination in terms and conditions of employment" on the basis of age under the ADEA. Count Thirteen alleges failure to pay overtime on the basis of race and national origin under Title VII. Counts Fourteen and Fifteen allege failure to pay overtime on the basis of race and national origin under the NYSHRL and NYCHRL respectively. Count Sixteen alleges failure to pay overtime under the FLSA.

1

also contends that all fifteen non-FLSA claims should be dismissed based on the facial insufficiency of the Complaint. Finally, Defendant asserts that dismissal of the same fifteen claims is warranted based on documentary evidence that it has submitted with its motion.

For the reasons set forth below, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

## I. LEGAL STANDARD

A court evaluating a Rule 12(b)(6) motion must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002). According to Federal Rule of Civil Procedure 8(a)(2), a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has recently elaborated, however, on the requirements that a complaint must satisfy to survive a Rule 12(b)(6) motion. Specifically, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 555 U.S. 544, 570 (2007)). A motion for dismissal should be granted if the complaint consists merely of "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" without "further factual enhancement." Twombly, 550 U.S. at 555, 557.

## II. BACKGROUND

According to the Complaint, Plaintiff is over sixty years old and of Indian origin. (Amended Compl. ¶ 3.) He began working for Defendant in 2002 and has remained continuously employed by Defendant until the present time. (Id. ¶ 10.) Plaintiff alleges that Defendant refused to promote him to the position of Operations Manager in January 2006.

2

Instead, Defendant promoted a younger employee of a different race and national origin than Plaintiff. Defendant did not permit Plaintiff to interview for the position, even though his qualifications were superior to those of the candidate that Defendant ultimately chose. (Id. ¶ 8(a).) Plaintiff also alleges that Defendant had a practice of hiring Caucasians for front office management positions. (Id.)

In May 2006, Defendant suspended Plaintiff for five days. The stated basis for the suspension was Plaintiff's insubordination and inappropriate remarks. (Id. ¶ 8(b).) According to Plaintiff, however, there was no legitimate cause for the suspension, which was instead based on his race, national origin, and age. Plaintiff asserts that he was treated differently than similarly-situated Caucasian supervisors and managers, who were not suspended based on false charges. (Id.)

Plaintiff alleges that the aforementioned acts constitute discrimination in terms and conditions of employment. (Id. ¶¶ 46-57.) He further asserts that he was not properly compensated for his overtime work. (Id. ¶¶ 58-63; 67-69.)

## III. DISCUSSION

### A. Consideration of Defendant's Documentary Evidence

Defendant argues that, in deciding its dismissal motion, the court should consider the exhibits attached to its Memorandum of Law, which consist of Plaintiff's personnel record and documents created in connection with the EEOC's involvement in this matter. When ruling on a 12(b)(6) motion, however, a court examines only the complaint to determine if it is sufficient to state a claim. For this purpose, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). The Second

3

Circuit has emphasized, however, that "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

According to Defendant, "Plaintiff's amended complaint, inter alia, referred to plaintiff's and other employee's [sic] qualifications, his promotion, his suspension and the EEOC proceedings." (Def. Reply Mem. (Docket Entry #14) 5.) The court is not, however, persuaded that the Complaint's references to facts and events demonstrate "reliance on the terms and effect" of the documents submitted by Defendant. Therefore, at this juncture the court evaluates only the Complaint and its attached exhibits.

## B. Timeliness of Title VII and ADEA Claims

Under Title VII and the ADEA, a plaintiff must file a charge with the EEOC within 300 days of the alleged discriminatory act. See 42 U.S.C. § 2000e-5(e)(1); U.S.C. § 626(d)(2); Flaherty v. Metromail Corp., 235 F.3d 133, 137 n.1 (2d Cir. 2000). Plaintiff's Title VII and ADEA claims are premised on acts that occurred in January and May 2006. (Amended Compl. ¶ 8.)

According to the Complaint, "Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) on or about October 12, 2006." (Id. at ¶ 17.) Exhibit A to the Complaint includes a letter from Plaintiff's lawyer, Jonathan Bell. In the letter, dated October 12, 2006, Bell instructs Plaintiff to sign a "Discrimination Complaint" and to mail it to the EEOC.[2] Superimposed on the letter is a certified mail receipt, dated October 12, 2006, specifying the EEOC's New York office as the addressee. It is dated October 12, 2006.

---

[2] In addition to the date in the body of Bell's letter, the document is marked with two other dates. These dates, which appear at the top of the page, appear to have been generated automatically by a fax machine. One date appears to be October 12, 2006 and one appears to be June 25, 2007.

4

The Plaintiff's EEOC Discrimination Complaint ("EEOC Charge") is also part of Exhibit A to the Complaint. Like the letter from Bell and the receipt, it is dated October 12, 2006.

If Plaintiff filed the EEOC charge on or about October 12, 2006, he would satisfy the 300-day filing requirement.[3] Defendant argues, however, that the EEOC actually received the EEOC Charge on June 22, 2007 and that filing thus occurred on that date. (Def. Reply Mem. 4-5.) In support of this argument, Defendant offers an alternate copy of the EEOC Charge. (Def. Reply. Mem. Ex. A.) Defendant states that this copy was taken from the EEOC's files. Although this version of the EEOC Charge is also dated October 12, 2006, there is a notation at the bottom of the document indicating that it was received by the EEOC on June 22, 2007.

Given the current procedural posture of the case, the court must reject Defendant's argument. A plaintiff's failure to timely file an EEOC complaint is an affirmative defense. Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001). When faced with a Rule 12(b)(6) motion, a court may only dismiss a claim on the basis of an affirmative defense if "the facts supporting the defense appear on the face of the complaint." McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004). Looking solely to the Complaint and its supporting exhibits, the court cannot definitively conclude that the EEOC Charge was filed outside the 300-day period. Accordingly, Defendant's motion for Rule 12(b)(6) dismissal based on the filing date must be denied.

C.     **Sufficiency of Plaintiff's Pleadings**

Under Title VII, it is illegal for any employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. The ADEA tracks this language, substituting age

---

[3] Plaintiff does not specify the precise date of the first act of discrimination. If, however, it occurred on January 1, 2006, the 300-day period would have elapsed on October 28, 2006.

for the protected classes set forth under Title VII. 29 U.S.C. § 623(a)(1). Similarly, both the NYSHRL and NYCHRL make it unlawful for an employer to discriminate against an employee "because of" his or her race. N.Y. Exec. Law § 296(1)(a) (McKinney's 2009); NYC Administrative Code § 8-107(1)(a).

Individual employment discrimination claims are analyzed under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), whether they arise under Title VII, the NYSHRL, or the NYCHRL. See Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 466 (2d Cir. 2001).[4] Under the McDonnell Douglas framework, the initial burden is on a plaintiff to establish a prima facie case of discrimination. A plaintiff is not, however, required to meet this burden to survive a Rule 12(b)(6) motion. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (prima facie case functions as "an evidentiary standard, not a pleading requirement"); Twombly, 550 U.S. at 558-59 (discussing this aspect of Swierkiewicz and emphasizing that it remains good law). The elements of a prima facie discrimination claim are nonetheless relevant to the determination of whether a complaint provides a defendant with fair notice and contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Twombly, 550 U.S. at 557; Iqbal, 129 S. Ct. at 1949.

1. Discriminatory Failure to Promote

The Plaintiff's Fifth through Eighth causes of action seek damages based on Defendant's allegedly discriminatory failure to promote Plaintiff to the position of Operations Manager in

---

[4] In Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343, 2349 n.2 (2009), the Supreme Court specifically noted that "it has not definitively decided" whether the McDonnell Douglas framework is appropriate in the ADEA context. The Second Circuit also has yet to resolve the issue. See Kalra v. HSBC Bank U.S.A., N.A., 2010 U.S. App. LEXIS 670 at *2-3 (2d Cir. Jan. 12, 2010) (unpublished opinion) ("We need not decide whether to continue to apply McDonnell Douglas or to abandon it in light of Gross."). The court's conclusions about the sufficiency of the Complaint do not depend, however, on the applicability of the McDonnell Douglas framework to ADEA claims. See infra Sections III.C.1 and III.C.2.

January 2006. To make out a prima facie case of discriminatory failure to promote, a plaintiff must show that: "(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." Aulicino v. New York City Dep't of Homeless Servs., 580 F.3d 73, 80 (2d Cir. 2009) (internal quotations omitted). There must also be evidence that the plaintiff "was rejected under circumstances which give rise to an inference of unlawful discrimination." Id.

Defendant argues that the recent case of Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343 (2009), establishes an additional required element for discrimination claims brought under the ADEA. According to Defendant, an ADEA plaintiff must now plead that age was the "but-for" reason for the disputed employment decision. (Def. Supp. Mem. (Docket Entry #19) 1.). The court disagrees. First, as Swierkiewicz makes clear, the pleading requirements of the Federal Rules of Civil Procedure are not identical to the requirements of a prima facie claim of discrimination. See Swierkiewicz, 534 U.S. at 514. Second, Gross concerned a plaintiff's ultimate burden of proof, as conveyed in a jury instruction. Proof standards are analytically distinct from both pleading requirements and from the elements of a plaintiff's prima facie case. See Riley v. Vilsack, 2009 U.S. Dist. LEXIS 98548 (W.D. Wis. Oct. 21, 2009) ("Gross . . . had nothing to do with pleading, but rather the proper standard of proof under the ADEA.").

The Complaint alleges Plaintiff's membership in protected classes of age, race, and national origin. (See Amended Compl. ¶ 3.) Plaintiff has also pled that his 35 years of experience in the airline industry qualified him for the Operations Manager position for which he applied. (Id. at ¶ 8.) Finally, Plaintiff alleges that he was rejected in favor of a younger and less-qualified Caucasian colleague. (Id.) This is sufficient to give rise to an inference of

7

discrimination. See, e.g., Carlton v. Mystic Transp., Inc., 202 F.3d 129, 135 (2d Cir. 2000) (inference of discrimination appropriate where plaintiff's duties were transferred to employee significantly younger than plaintiff); Santos v. Engelhard Corp., 2009 U.S. Dist. LEXIS 71088 at *30 (S.D.N.Y. Aug. 6, 2009) (inference of discrimination appropriate where someone outside protected class was promoted instead of defendant). These allegations are sufficient to defeat a Rule 12(b)(6) motion for dismissal. Accordingly, the court denies Defendant's motion with respect to claims Five through Eight.

2. Discriminatory Suspension

Plaintiff's First through Fourth claims are based on Defendant's five-day suspension of Plaintiff in May 2006. In order to set forth a prima facie case of age, race, and national origin discrimination with respect to a disciplinary action, a plaintiff must show that: "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000), cert. denied, 540 U.S. 811 (2003). As discussed above, Plaintiff has pled the first two elements. He also alleges that he was suspended from work, which qualifies as an adverse employment action. See McPhatter v. New York City, 2009 U.S. Dist. LEXIS 69190 at *15 (E.D.N.Y. July 30, 2009). As to the fourth element, Plaintiff has pled that Defendant treated similarly situated Caucasian differently than it treated him. That is, Defendant did not suspend Caucasians without a legitimate basis for doing so. (Compl. ¶ 8.) These facts are sufficient for an inference of discrimination with respect to race and national origin. See Carlton, 202 F.3d at 135; Santos, 2009 U.S. Dist. LEXIS 71088 at *30. Accordingly, the court denies Defendant's motion to dismiss Plaintiff's claims that he was suspended on the basis of his race and national origin.

Plaintiff does not, however, claim that Defendant treated similarly situated, <u>younger</u> employees differently than it treated him. Instead, he merely alleges that one of the reasons for the suspension was his age. (Compl. ¶ 8(b).) This is "nothing more than a 'formulaic recitation of the elements' of a discrimination claim." Iqbal, 129 S. Ct. at 1951. Such unvarnished allegations that an adverse employment action was taken "because of" membership in a protected class "are not entitled to be assumed true." Id. Therefore, Plaintiff's claims that his suspension resulted from age-based discrimination – Claim Four in whole and Claims Two and Three insofar as they relate to age – must be dismissed.

    5.    <u>Other Claims</u>

Plaintiff's Thirteenth through Fifteenth Claims are based on Defendant's refusal to pay him overtime. The Complaint contains no factual allegations in support of the conclusory statement that the decision not to pay overtime was based on a protected category, such as race, national origin, or age. Accordingly, these claims must also be dismissed.

Finally, Plaintiff's Ninth, Tenth, Eleventh, and Twelfth Claims allege "discrimination in terms and conditions of employment" based on race, national origin, and age. Plaintiff alleges no additional facts in support of these claims. Accordingly, they are duplicative and must be dismissed.

## IV. CONCLUSION

The court concludes that Defendant's Rule 12(b)(6) motion for dismissal should be GRANTED in part and DENIED in part. Defendant's motion to dismiss is denied with respect to all claims relating to failure to promote (Claims Five, Six, Seven, and Eight). Defendant's motion to dismiss is denied with respect to claims that the suspension was based on race and national origin (Claim One and Claims Two and Three in part). Defendant's motion to dismiss

9

is granted with respect to claims that the suspension was based on age (Claim Four and Claims Two and Three in Part). Defendant's motion to dismiss is granted with respect to claims based on discriminatory failure to pay overtime (Claims Thirteen, Fourteen, and Fifteen) and "discriminatory terms and conditions of employment" (Claims Nine, Ten, Eleven, and Twelve). All dismissals are without prejudice.

As a result, the remaining claims are: Claim One, Claim Two (with regard to race and national origin only), Claim Three (same), Claim Five, Claim Six, Claim Seven, Claim Eight, and Claim Sixteen (which Defendant does not seek to dismiss at this time). Plaintiff is granted leave to amend the Complaint within 30 days of the entry of this Memorandum & Order.

SO ORDERED.

Dated: Brooklyn, New York
February _1_, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge